1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO GUTIERREZ,

11              Plaintiff,              No. CIV S-11-1062 DAD P

12        vs.

13   FIFTH APPEAL COURT,              ORDER AND

14              Defendant.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20                      **SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   The Civil Rights Act under which this action was filed provides as follows:

20   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
21   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
22   law, suit in equity, or other proper proceeding for redress.

23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that causes the deprivation of which

3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4          Moreover, supervisory personnel are generally not liable under § 1983 for the

5  actions of their employees under a theory of respondeat superior and, therefore, when a named

6  defendant holds a supervisorial position, the causal link between him and the claimed

7  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

9  allegations concerning the involvement of official personnel in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11                          **PLAINTIFF'S COMPLAINT**

12          In the present case, plaintiff has filed a form complaint as well as several letters

13  with the court.  In his complaint, plaintiff has identified the "5th Appeal Court" as the sole

14  defendant in this civil rights action.  Plaintiff's complaint and letters are difficult to decipher.

15  However, plaintiff appears to be attempting to allege that, in 1998, he was convicted of assault

16  with a deadly weapon other than a firearm.  According to plaintiff, the deputy district attorney

17  wanted him sentenced to 16 years in state prison and that a strike be found based on a juvenile

18  conviction of some sort, but that plaintiff's attorney informed the deputy district attorney that the

19  California Court of Appeal had dismissed plaintiff's juvenile case.  Ultimately, according to

20  plaintiff, the deputy district attorney agreed to a sentence of seven years without a strike.

21  According to plaintiff, the California Court of Appeal has failed to correct its records because his

22  juvenile case and the strike associated with it continue to appear in the district attorney's

23  computer system.  Plaintiff alleges that this error has resulted in the imposition of his current

24  three-strikes sentence of twenty-five years to life in state prison.  In terms of relief, plaintiff seeks

25  monetary damages.  (Compl. at 5, 8 & Attachs., Pl.'s Letters.)

26  /////

**DISCUSSION**

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, plaintiff claims that the state appellate court's conduct resulted in him being sentenced to twenty-five years to life in state prison.  However, even if the state appellate court was a proper defendant in this civil rights action, which it is not, plaintiff has not alleged that his current conviction or sentence has been overturned or otherwise invalidated.

Under these circumstances, the court cannot allow plaintiff to proceed in this civil rights action.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).  Although the allegations of plaintiff's complaint are vague and conclusory, the court finds that those allegations necessarily implicate the validity of plaintiff's current confinement.  Plaintiff is advised that a writ of habeas corpus is his sole remedy by which to attack in federal court his state court criminal conviction and sentence, and that remedy may be pursued only after he has properly exhausted all of his constitutional claims by properly presenting them to the highest state court.

4

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 17) be denied;

2. Plaintiff's motion for a thirty-day extension of time to file an in forma pauperis application (Doc. No. 18) be denied as moot; and

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
guti1062.56

5